UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO. 05-4182 |
| PERTAINS TO: INSURANCE<br>CLOUD, 06-6093 | SECTION "K"(2) |

ORDER AND REASONS

Before the Court is Plaintiff Debra Cloud's Motion for a New Trial (Rec. Doc. 9443) ("Mot.").[1] Defendant Allstate Insurance Company has accordingly filed its opposition to the Plaintiff's motion (Rec. Doc. 10036) ("Opp."). For the following reasons, the Court will grant the Plaintiff's motion.

I.  BACKGROUND

The case before the Court concerns Plaintiff's suit against her insurance company arising out of damage to her property during Hurricane Katrina. She filed suit in the Civil District Court for Orleans Parish, after which Defendant removed it to this Court on September 18, 2006 (Rec. Doc. 1, Civ. A. No. 06-6093). The case was originally allotted to Judge Carl J. Barbier, but upon Plaintiff's motion it was transferred to this section on March 14, 2007 (Rec. Doc. 14, Civ. A. No. 06-6093). The Plaintiff sought transfer because her insurance contract included a water damage exclusion clause, and therefore Plaintiff claimed that it was appropriate for inclusion within the *In re Katrina Canal Breaches Consolidated Litigation*, Civ. A. No. 05-4182. After transfer, this

---

[1] All references to docketed records are references to those documents filed on Civ. A. No. 05-4182, unless otherwise noted.

1

Court ordered Plaintiff to amend her petition in order to more specifically allege that she sought coverage under an all-risk policy for water damage allegedly caused by a canal breach. (Rec. Doc. 15, Civ. A. No. 06-6093). Plaintiff subsequently amended her complaint (Rec. Doc. 17, Civ. A. No. 06-6093), and this Court accordingly ordered her case consolidated within *In re Katrina Canal Breaches Consolidated Litigation* (Rec. Doc. 19, Civ. A. No. 06-6093). An identical consolidation order was posted on the docket for *In re Katrina Canal Breaches*, Civ. A. No. 05-4182 (Rec. Doc. 3945). At this time, all relevant documents in this case were posted on the docket for *In re Katrina Canal Breaches*, Civ. A. No. 05-4182, not Civ. A. No. 06-6093.

After the case was consolidated, Defendant's counsel asserts that it sought to confer with Plaintiff's counsel in order to proceed with discovery and to seek settlement. According to defense counsel, Plaintiff's counsel was difficult to contact and would not return any messages that were left by the defense. After Plaintiff's counsel apparently failed to make any Rule 26 disclosures, Defendant filed a motion to compel on July 24, 2007 (Rec. Doc. 6676). Magistrate Judge Joseph C. Wilkinson, Jr. granted the motion on August 8, 2007, because no opposition had been filed (Rec. Doc. 6908). Three months later, on November 1, 2007, Defendant filed a motion to dismiss based on Plaintiff's counsel's comply with the discovery order. (Rec. Doc. 8787). After Plaintiff's counsel again failed to file any opposition, the Court granted the Defendant's motion on December 11, 2007 (Rec. Doc. 9438). A copy of this judgment was also docketed on the prior docket sheet (Rec. Doc. 21, Civ. A. No. 06-6093).

The same day as the docketing of the judgment, Plaintiff's counsel filed the present motion for a new trial (Rec. Doc. 9443). In that motion, Plaintiff contends that her case was inappropriately dismissed because no motion had been filed by the Defendant. Mot. at 1. As an

2

exhibit to Plaintiff's motion, her counsel attached a copy of the docket sheet for Civ. A. No. 06-6093. Accordingly, Plaintiff requested a new trial be granted.

## II. ANALYSIS

As a preliminary matter, Plaintiff styles the present motion as one for a new trial. Such a motion would be under authority of Federal Rule of Civil Procedure 59. Rule 59 allows for a new trial to be granted "after a jury trial" or "after a nonjury trial," suggesting that a trial must have been conducted to trigger Rule 59. Fed. R. Civ. P. 59(a)(1). However, Rule 59 also permits a motion to "alter or amend a judgment." Fed. R. Civ. P. 59(e); *see In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002) ("A Rule 59(e) motion is a motion that calls into question the correctness of a judgment."). Rule 60 allows a motion to be filed to seek "relief from a judgment or order." Fed. R. Civ. P. 60. While the two rules appear to be somewhat similar, the Fifth Circuit has explained in addressing motions for reconsideration that the difference is a matter of timing:

> While the Federal Rules of Civil Procedure do not provide for a motion for reconsideration, such a motion may be considered either a Rule 59(e) motion to alter or amend judgment or a Rule 60(b) motion for relief from judgment or order. If the motion is filed within ten days of the judgment or order of which the party complains, it is considered a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion.

*Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004). As Plaintiff filed her motion the same day as entry of the judgment, this Court will use Rule 59(e) as its rubric for this motion. "A motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Schiller*

*v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (citations and internal quotations omitted); *see Washington v. CSC Credit Services, Inc.*, 180 F.R.D. 309, 311 (E.D. La. 1998) (Berrigan, J.), *rev'd on other grounds* 199 F.3d 263 (5th Cir. 2000) ("A decision will be altered or amended upon the movant's showing of: (1) an intervening change of controlling law; (2) the availability of new evidence; and/or (3) the need to correct a clear and manifest error of fact or law."). "A Rule 59(e) motion should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." *SPE FO Holdings, LLC v. Retif Oil & Fuel, LLC*, Civ. A. No. 07-3779, 2008 WL 3285907, at *3 (E.D. La. Aug. 6, 2008). "It is within the district court's discretion whether to reopen a case under Fed. R. Civ. Pro. 59(e)." *Weber v. Roadway Express, Inc.*, 199 F.3d 270, 276 (5th Cir. 2000), *citing Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

      The Court's order dismissing the case stated that dismissal was premised on "the plaintiff's ignoring orders of the Court and egregiously disregarding the requirements of the Federal Rules of Civil Procedure with respect to discovery." (Rec. Doc. 9438). It also noted that "no opposition was filed in the matter." *Id.* As noted in the Defendant's motion to dismiss, "dismissal is the severest of sanctions available under Rule 37." (Rec. Doc. 8787). The Defendant drew this statement from the Supreme Court, which explained in *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976) that dismissal can be appropriate in some cases because "the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a

deterrent."

This Court finds that, in this case, dismissal was not appropriate.  Plaintiff's failure to respond to Defendant's motions appears to be due to Plaintiff's counsel's failure to review the proper docket sheet.  Plaintiff's counsel essentially confirmed this error in attaching the wrong docket sheet as an exhibit to Plaintiff's motion.  Mot., Ex. 1 (docket sheet from Civ. A. No. 06-6093).  The mistake is understandable as an attorney inexperienced in consolidated actions may not know that all relevant documents would be docketed on the consolidated case docket.  The dismissal order was premised on the Court's understanding that Plaintiff's counsel was willfully not complying with its discovery order.  However, this Court finds that Plaintiff's failure to comply was due to mistake or inexperience, and dismissal is an inappropriate remedy under such facts particularly where dismissal has no deterrent value.  The Court is certain that Plaintiff's counsel will diligently monitor the correct docket for this matter, Civ. A. No. 05-4182.  As this matter is within the *In re Katrina Canal Breaches* litigation, this case will further be subject to the settlement protocol.  The Court is certain that Plaintiff's counsel will actively participate in settlement negotiations with Defendant's counsel.

### III.  CONCLUSION

For the reasons stated herein, accordingly,

**IT IS ORDERED** that Plaintiff's Motion for a New Trial (Rec. Doc. 9443), construed herein as a motion to modify or alter judgment pursuant to Rule 59(e), is GRANTED; and

**IT IS FURTHER ORDERED** that this matter shall be subject to the Post-Sher Insurance Umbrella Case Management Order (Rec. Doc. 13521).  The Post-Sher Order now

controls the prosecution of this matter, and the parties should be engaging in the settlement protocol set forth therein.

New Orleans, Louisiana, this __26th__ day of August, 2008.

  
_____  
**STANWOOD R. DUVAL, JR.**  
**UNITED STATES DISTRICT JUDGE**